

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Attorney's Office*

| |
|---|
| Application granted. The July 14, 2023 order releasing Defendant to reside in New Mexico pending the Government's appeal of that order is hereby stayed.<br><br>SO ORDERED<br>_____<br>Philip M. Halpern<br>United States District Judge<br><br>Dated: White Plains, New York<br>        July 19, 2023 |

**By ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
White Plains, New York 10601

      Re:   *United States v. Mario Elpidio Chavez Millan*, 23 Mag. 5426

Dear Judge Halpern:

      The Government respectfully requests that this Court stay the July 14, 2023 order releasing defendant Mario Elpidio Chavez Millan to reside in New Mexico, until the Court resolves the Government's pending appeal of that order.

**I.     Background**

      On July 14, 2023, Judge Reznik ordered that the defendant be released to reside in New Mexico. As conditions of the defendant's release, Judge Reznik ordered that a $100,000 bond be entered, secured by $10,000 in cash and cosigned by 4 financially responsible persons; that the defendant submit to supervision by Pretrial Services in the District of New Mexico; that the defendant surrender any passport and obtain no other passport or international travel document; that the defendant reside within the District of New Mexico and be permitted to travel to the Southern District of New York for court appearances and attorney appointments; that the defendant not possess any guns or unlawful narcotics; and that the defendant be subject to location monitoring and curfew. Judge Reznik also ordered that Pretrial Services confirm that the defendant's cousin, who legally owns several firearms and lives at the residence where the defendant is set to reside, has removed those firearms from the residence. Lastly, Judge Reznik ordered that the defendant remain detained until all conditions of his bail are met.

      That same day, the Government requested that Judge Reznik stay her order to permit the Government to pursue an appeal.[1] The defendant opposed that request, and Judge Reznik ultimately denied a stay. On July 17, 2023, the Government submitted a letter motion to this Court,

---

[1] On July 14, 2023, the Government requested that a court reporter prepare a transcript of the detention hearing on an expedited basis.

*U.S. v. Chavez Millan*, 23 Mag. 5426 Page 2 of 3
Hon. Philip M. Halpern
July 18, 2023

asking it to revoke Judge Reznik's release order under 18 U.S.C. § 3145(a)(1), because the defendant is a risk of flight and a danger to the community. (Doc. 7.)

The defendant is currently detained as he has yet to satisfy the conditions of his bail.

## II.    A Stay is Warranted Here

District courts have the power to stay a release order issued by a magistrate judge to enable the Government to pursue an appeal of that order. *See United States v. Brigham*, 569 F.3d 220, 230 (5th Cir.) (collecting cases), *cert. denied*, 558 U.S. 1093 (2009); *see also United States v. Zaso*, No. 22-CR-74-A, 2022 WL 4077675, at *1 (W.D.N.Y. Sept. 6, 2022), *aff'd*, 2022 WL 17741537 (2d Cir. Oct. 31, 2022); *United States v. Harrison*, 354 F. Supp. 3d 270, 272 (W.D.N.Y. 2018); *United States v. Agnello*, 101 F. Supp. 2d 108, 109 (E.D.N.Y. 2000); *United States v. Velasco*, 879 F. Supp. 377, 378 (S.D.N.Y. 1995). After all, "the absence of stay authority could render the district court's review power [under 18 U.S.C. § 3145] illusory," since, if no stay is in place, "the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered." *Brigham*, 569 F.3d at 230.

A stay is appropriate here. As explained in the Government's July 17 letter motion, the defendant presents both a flight risk and a danger to the community. (Doc. 7 at 2–5.) Revocation of the release order is therefore likely. Moreover, if the defendant is released while this appeal is pending, there is a substantial risk that he either flees—likely to Mexico, where it will be difficult if not impossible to locate him and return him to the United States—or victimizes another individual. Both of those outcomes would represent an irreparable harm to the public.

Moreover, a stay is unlikely to impose any great burden on the defendant. The defendant himself admitted as much in opposing the Government's request for a stay before Judge Reznik:

> Mr. Chavez is not going to be released until the bond is signed, the $10,000 is posted, and Pretrial has had the opportunity to look into Mr. Chavez's living situation. This is going to take days—possibly weeks.

(Doc. 5 at 3.) So if this Court does order a stay of Judge Reznik's release order, it is entirely possible that stay will have no effect on the defendant because the appeal will be resolved before he completes his bail package.

Even if the defendant completes his bail package prior to this Court resolving the Government's appeal, any delay caused by a stay would likely be minimal at most. Section 3145(a) requires that this Court review Judge Reznik's release order "promptly." That requirement, combined with the fact that the defendant has not yet satisfied the conditions of his bail package, jointly protect him from "prolonged interim detention if a release order is later upheld." *Brigham*, 569 F.3d at 230.

\*   \*   \*   \*

*U.S. v. Chavez Millan*, 23 Mag. 5426  Page 3 of 3
Hon. Philip M. Halpern
July 18, 2023

      The Government therefore respectfully requests that the Court stay the July 14, 2023 release order pending the Court's resolution of the Government's appeal.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By: */s/ David A. Markewitz*
      David A. Markewitz
      Assistant United States Attorney
      (914) 993-1920

cc:    Benjamin Gold, Esq. (by ECF)